# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC LYONS<br><br>Defendant | CRIMINAL No. 22-cr-10233-AK |

## GOVERNMENT SENTENCING MEMORANDUM

### Factual and Procedural Background

Defendant Eric Lyons ("Lyons") misled his girlfriend ("Victim 1") and misappropriated her investment funds. Between 2015 and 2017, Lyons operated several investment funds, including the Synchrony Value Fund LP. Lyons solicited investments from Victim 1 by telling her, among other things, that he had a master's degree from Boston University and that Victim 1's investment would be "safe." Those statements were not accurate. Victim 1 subsequently invested approximately $119,000. Over the following months, Victim 1's investment increased in value to approximately $166,000. Instead of notifying Victim 1 of the gains and providing her those gains, Lyons transferred most of the gains to a different operating account and apportioned the gains to other investors. Victim 1 eventually liquidated her investment and received only $94,000, resulting in a loss of approximately $72,000.

The government charged Lyons in an Information with one count of Investment Advisor Fraud in violation of 15 U.S.C. §80b-6 and 80b-17. On November 2, 2022, Lyons pleaded guilty pursuant to a plea agreement. The plea agreement is a "binding" plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

## Recommendation

In compliance with its obligations under the plea agreement, and consistent with the Presentence Investigation Report, the government recommends the following sentence:

- <u>Period of Confinement / Probation</u>. In lieu of a period of incarceration, the parties have agreed that the Court should order Lyons to serve a sentence of probation for 24 months with a special condition that the first six months be served in home confinement.

- <u>Community Service</u>. The parties have agreed that the Court should order Lyons to complete 100 hours of community service.

- <u>Supervised Release</u>. In light of the lengthy period of probation, the parties have agreed that the Court should not order a period of supervised release.

- <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663(a)(3), the parties have agreed that the Court should order Lyons to pay restitution in the amount of $72,000 to Victim 1.

- <u>Special Assessment</u>. There is a mandatory $100 special assessment.

- <u>Fine / Forfeiture</u>. In light of the restitution to be paid by Lyons, the parties have agreed that the Court should not order a fine or forfeiture.

The above sentence, which was agreed-to in the plea agreement by the parties, is "sufficient, but not greater than necessary" in light of the factors to be considered by the Court. 18 U.S.C. § 3553(a)(1), (2). The sentence provides both a substantial punishment and adequate deterrence for the charged offense. Additionally, the sentence takes into account the narrow scope of the misconduct to which the defendant has pleaded guilty and the defendant's willingness to accept responsibility and enter into the plea agreement prior to the government initiating charges.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and U.S. Probation.

                                          */s/ Christopher J. Markham*
                                          CHRISTOPHER J. MARKHAM
                                          Assistant United States Attorney

Date: February 15, 2023