UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC LYONS<br><br>   Defendant | CRIMINAL No. 22-cr-10233-AK |

### GOVERNMENT SUPPLEMENTAL SENTENCING MEMORANDUM

The government provides this supplemental sentencing memorandum in accordance with the Court's Order (Dkt. 17). Pursuant to that Order, the government addresses the relation of this case to the activities alleged in civil action 19-cv-10785-NMG, the participation of Victim 1 and how this case provides for prompt restitution to Victim 1, and additional reasons for the Court to accept the plea agreement. For the reasons set forth below, in addition to the reasons set forth in the government's sentencing memorandum, Dkt. 15, the government recommends that the Court accept the defendant's plea.

**I.  The Information and plea agreement address conduct not previously addressed by the SEC's investigation and resolution**

The Securities and Exchange Commission ("SEC") investigated multiple individuals, including the defendant, in relation to the operation of several investment funds. While the funds were used to make some legitimate investments, the SEC also uncovered evidence that a portion of the investment funds were misappropriated. Complaint, Dkt. 1, 19-cv-10785-NMG. The SEC and the defendant resolved that matter through consent orders that require the funds and the defendant to return all invested monies to their investors. Further, the defendant is barred from participating in his former profession, including through association with any broker, dealer,

investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization.

The Information in this case alleges misconduct not alleged in the SEC's Complaint or addressed by its resolution.[1] The Information identifies a single victim ("Victim 1") who invested directly with the defendant and who had a direct personal relationship with the defendant (*i.e.*, not an institutional investor). The money Victim 1 invested with the defendant was not returned to Victim 1 as part of the resolution in the SEC case, and that money is therefore not subject to the disgorgement order entered in that case. The resolution in this case, including the restitution order required by the plea agreement, will enable Victim 1 to obtain restitution. *See* 18 U.S.C. § 3553(a)(7) (requiring the Court to consider "the need to provide restitution to any victims of the offense").[2]

## II.     Victim 1 wants the case to be resolved and does not want to participate

The government's investigators spoke to Victim 1 both prior to and after the government entered into a plea agreement with the defendant. This includes as recently as February 24, 2023, after the Court's Order (Dkt. 17), when the government once-again consulted Victim 1 over the phone. Victim 1 has consistently represented that Victim 1 wants this matter resolved but does not wish to participate in any proceeding, including a trial or sentencing.[3] The plea

---

[1] As such, the resolution of this case does not limit the government's ability to further address the misconduct alleged by the SEC, nor any subsequent misconduct committed by the defendant.

[2] The government defers to counsel for the defendant with respect to the defendant's current plans for paying restitution to Victim 1 within a specified timeframe.

[3] The U.S. Attorney's Office also reached out to Victim 1 on multiple occasions (and through multiple mediums) to request a victim impact statement but as of the date of this filing has not received one.

agreement therefore represents a victim-centric approach with respect to Victim 1.  Further, the Court should consider the government's interest in promptly resolving this case in light of Victim 1's reluctance to participate.  *United States v. Carrozza*, 807 F. Supp. 156, 161 (D. Mass. 1992), *aff'd,* 4 F.3d 70 (1st Cir. 1993) (the reluctance to testify by one or more key witnesses is "a valid consideration militating in favor of a reasonable departure").

### III. The plea agreement serves the purposes of sentencing and conserves judicial and prosecutorial resources

The sentence proposed in the plea agreement provides for substantial punishment.  The plea agreement and the Presentence Investigation Report calculate an Offense Level of 13.  The applicable Guidelines Sentencing Range ("GSR"), which is advisory and not binding on the Court[4], is twelve to eighteen months.  The Court's acceptance of the plea agreement would result in a sentence that is, in part, below the GSR because it substitutes incarceration with six months of home confinement.  But the defendant will also face various other consequences, including a felony conviction, a restitution order, and community service requirements.  Additionally, as noted above, the defendant is barred from working as an investment advisor.  This collection of consequences is guaranteed by the Court's acceptance of the plea agreement.  *Carrozza*, 807 F. Supp. at 161 (D. Mass. 1992) (guaranteeing a conviction through a plea agreement "serves the interest of justice").  Under the circumstances of this case, and particularly given that the defendant is prohibited from working as an investment advisor going forward, this result is "sufficient, but not greater than necessary" to "afford adequate deterrence" to the defendant and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(B)-(C).

---

[4] *See United States v. Booker,* 543 U.S. 220 (2005).

Further, based on the specific circumstances of this case, the proposed sentence is sufficiently punitive. 18 U.S.C. § 3553(a)(2)(A). The Information addresses a relatively narrow set of criminal conduct against a victim that has not expressed an interest in participating in these proceedings. *See supra* §§ I, II. Additionally, the defendant agreed to accept responsibility and enter into a plea agreement prior to the government bringing charges. While the Guidelines reduce the GSR based on the defendant's acceptance of responsibility, USSG § 3E1.1, the Guidelines do not differentiate between a guilty plea that occurs pre-charge and a guilty plea that occurs on the eve of trial. The Court, however, can and should take the timing of the plea agreement into consideration because early plea agreements conserve substantial prosecutorial and judicial resources. *Carrozza*, 807 F. Supp. at 160 ("freeing resources important to the administration of justice" may in some cases be "alone sufficient to justify downward departures from the otherwise applicable Sentencing Guidelines"). The Court's acceptance of the plea agreement will therefore serve the interests of justice by conserving judicial and prosecutorial resources that can be used to address other criminal conduct.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Christopher J. Markham*
      CHRISTOPHER J. MARKHAM
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and U.S. Probation.

/s/ *Christopher J. Markham*
CHRISTOPHER J. MARKHAM
Assistant United States Attorney

Date: February 27, 2023