UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> ERIC LYONS, <br> Defendant. | CRIMINAL NO. 1:22-cr-10233-1 <br> Sentencing Date: February 28, 2023 10:00 a.m. |

## SUPPLEMENTAL SENTENCING MEMORANDUM OF ERIC LYONS

Eric Lyons ("Lyons") submits this supplemental sentencing memorandum in response to the Court's order entered on February 23, 2023, requiring the parties to address the circumstances warranting a departure from the advisory sentencing guideline range and the appropriate degree of the departure, plans for restitution, and whether the activities alleged in civil action 19-cv-10785 are related to the criminal activity in this case.

## SUMMARY OF THE SENTENCING GUIDLINE CALCULATION

The parties' agreed upon sentence calls for the imposition of probation for 24 months, with 6 months to be served in home confinement, 100 hours of community service, and restitution in the amount of $72,000. The proposal is based on an advisory sentencing guideline offense level of 13 resulting in a guideline range of 12 to 18 months.

No downward departure is required with respect to the length of the sentence because the parties' agreement imposes a longer sentence of 24 months that is longer than the 12-to-18-month guideline calculated by probation and agreed to by the parties.

The kind of sentence imposed would be a departure because some period of incarceration is required under Zone C of the sentencing guidelines. A departure based on the type of sentence

is appropriate for "justifiable reasons" described in 18 U.S.C. § 3553(b) and is "sufficient but not greater than necessary" to fulfill the sentencing factors set forth in 18 U.S.C. § 3553(a) based on the nature and circumstances of the offense. The parties proposal is consistent with sentences imposed on similarly situated defendants in cases involving financial fraud. 18 U.S.C. § 3553(a); *see Gall v. United States*, 522 U.S. 38, 44 (2007); *United States v. Booker*, 543 U.S. 200, 262 (2005).

## **THE STAUTUORY SENETNCING FACTORS**

The Sentencing Guidelines are not presumed reasonable. To the contrary, the advisory sentencing guideline calculation serves only as the "starting point" for determining a sentence that is "sufficient but not greater than necessary" to fulfill the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 522 U.S. 38, 44 (2007); *United States v. Booker*, 543 U.S. 200, 262 (2005). In determining the appropriate sentence, the Court is required to consider a broad range of factors including the nature and circumstances of the offense, the history and characteristics of the defendant, and the types of sentences available. *See* 18 U.S.C § 3553(a)(1)-(7).

Section 3553(a), as modified by *Booker*, 543 U.S. at 259-60, "contains an overarching provision instructing district courts to 'impose a sentence sufficient but not greater than necessary' to accomplish the goals of sentencing . . . ." *Kimbrough v. United States,* 552 U.S. 85, 101 (2010). Sentencing under § 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

The parties' requested sentence is sufficient but not greater than necessary to achieve the goals of sentencing. In undertaking this analysis, the Court must consider advisory

sentencing guideline range and any guideline policy statements but is also required to consider other traditional factors such as: 1) the nature of the offense and history and characteristics of the defendant; 2) the purpose of sentencing; 3) the kinds of sentencing available; 4) the Sentencing Guidelines; 5) pertinent policy statement issued by the Sentencing Commission; 6) the need to avoid unwarranted disparities among similar defendants; and 7) the need to provide restitution to the victims. *See* 18 U.S.C. § 3553(a).

## The Parties Agreed Upon Sentence

While a court must consider the Guidelines as a starting point, the court should not assume the "Guideline range is reasonable." *Gall* U.S. at 50. Instead, the court is to impose the sentence only after mak[ing] an individualized assessment based on facts presented" in each defendant's case. *Id.* More importantly, the sentencing court need not find "extraordinary circumstances to justify a sentence outside of the Guideline range. *Id* at 47.

The Court need not depart downward with respect to the length of the sentence. The guideline range as calculated by Probation and the Parties is level 13 resulting in a guideline range of 12 to 18 months. The plea agreement proffered under Fed. R. Crim. P. 11(c)(1)(C) contemplates a longer sentence of 24 months.

The parties further agreed that Lyons should serve a probationary sentence with a special condition that he serve 6 months in home confinement. The parties reached this agreement based on, among other things, Lyons' prompt acceptance of responsibility, judicial economy, his family responsibilities, and the need to ensure the victim receives restitution in a timely manner. Courts found that these factors are grounds for downward departures even under the mandatory

sentencing guideline regime prior to the Supreme Court's pronouncements in *Gall, Cunningham,* and *Kimbrough*, 522 U.S. 85 (2007).

For example, in *United States v. Carozza,* F. Supp. 156, 158 (D. Mass. 1992), *citing United States v. Aguilar-Pena,* 887 F.2d 347, 350 (1st Cir. 1989), Judge Wolf accepted Rule 11(c)(1)(C) pleas proffered by the government and five defendants charged with RICO violations finding "justifiable reasons" described in 18 U.S.C. § 3553(b)[1] because the disposition promoted fairness and administration of the Sentencing Guidelines, such as freeing judicial resources important to the administration of justice and traditional concerns such as safety and well-being of defendants' families. *Id.* at 161.[2]

Similar factors are present in this case. Lyons is charged with Investment Advisor Fraud involving an investment fund and the apportionment of gains attributed to investors. The Criminal Information alleges that Lyons and other unnamed individuals operated the fund, and, with Lyons's knowledge, others transferred the victim's gains to other investors. A trial on this charge would necessarily involve complicated and lengthy introduction of evidence involving

---

[1] The Supreme Court held in *Booker* that this mandatory system was inconsistent with the Sixth Amendment. To bring the Guidelines in line with that amendment, the Court held that the entirety of 18 U.S.C. § 3553(b)(1)—the provision that required courts to "impose a sentence of the kind, and within the range" directed by the Guidelines—must be "severed and excised" from the Act. *United States v. Henry,* 1 F.4th 1315, 1320 (11th Cir. 2021), *citing, United States v. Booker,* 543 U.S. 220, 245 (2005).

[2] The holding in *Aguilar-Pena* was abrogated by the First Circuit's decision in *United States v. Rodriguez,* 527 F.3d 221, 230 (1st Cir. 2008) and was effectively overruled in *United States v. Politano,* 522 F.3d 69, 73 (2008) where the Court held that "[i]n the view of the Supreme Court's recent decision in *Gall*, we emphasize the broad discretion afforded to the district court is paramount: after the court has calculated the GSR, sentencing becomes a judgment call, and. a variant sentence may be constructed based on a complex of factors whose interplay and precise weight cannot even be precisely described . . . [T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible overall result". (citations omitted).

explanations of fund accounting and investment concepts that would require expert testimony regarding how funds operate, how gains and losses are apportioned to investors, and why the apportionment of gains to other investors was fraudulent. Judicial and government resources would be spared if the Court accepts Lyons' plea.

A departure based on the type of sentence is likewise warranted based on Lyons' relationship with his daughters, ages 15 and 12. Lyons shares custody of his daughters with his ex-wife who lives with her boyfriend. As noted in the PSR, his daughters are struggling with their parent's divorce. Lyons was initially awarded sole custody of his children in the initial divorce proceedings. One one of his daughters experienced issues with her mother's live-in boyfriend requiring intervention by Lyons. *See Pre-Sentence Report at* ¶ 63. Any period of incarceration would substantially impact Lyons' daughters' well-being during an important time in their lives.

Courts routinely departed from guideline sentences based on family circumstances under when the sentencing guidelines were mandatory, not advisory. *See e.g. United States v. Roselli,* 366 F.3d 58, 63 (1st Cir. 2004) (departing downward to a probationary sentence where children depended upon defendant's presence); *United States v. Sclamo,* 997 F.2d 970, 974 (1993) (affirming downward departure to probationary sentence based in family circumstances where there is risk of harm to a child if relationship is broken); *United States v. Lacarubba,* 184 F.Supp.2d 89, 90-91 (2002) (departing downward to a probationary sentence base on defendant's care for his wife). This case is no different. Lyons is an irreplaceable presence in his daughters' lives.

## THE SEC CIVIL ACTION

A defendant's relevant conduct under the Sentencing Guidelines is limited to criminal conduct, U.S.S.G. §§ 1B1.3(a)(2), determined preponderance of the evidence. *See United States v. Benns,* 740 F.3d 370, 374 (5th Cir. 2014), *citing, United States v. Peterson,* 101 F.3d 375, 395 (5th Cir. 2006); *United States v. Catchings,* 708 F.3d 710, 720 (6th Cir. 2013) ("In short, relevant conduct under § 1B1.3 must be criminal conduct); *United States v. Schaefer,* 291 F.3d 932, 940 (7th Cir. 2002) (relevant conduct under 1B1.3 of the guidelines is limited to criminal conduct is amply supported by law in the Third, Fifth and Eight Circuits); *United States v. Dickler,* 64 F.3d 818, 831 (3rd Cir. 1995) ("relevant conduct within the meaning of § 1B1.3 must be criminal conduct . . . the government does not contend otherwise).

In February 2020, Lyons entered into a settlement agreement with the Securities and Exchange Commission whereby he agreed to an injunction, disgorgement and a fine. Lyons neither admitted nor denied the SEC's allegations in connection with the settlement and the government did not pursue criminal charges against Lyons in connection with its investigation. Further, neither probation nor the government view Lyons' settlement relevant conduct under the sentencing guidelines.

## VICTIM IMPACT STATEMENT

The government has not disclosed any victim impact statement. Undersigned counsel understands that the victim was contacted by the government and that the victim does not object to the agreed-upon disposition. In addition, Lyons is committed to making restitution and will make a partial payment towards restitution at sentencing.

## CONCLUSION

For the reasons set forth above and in Lyon's initial sentencing memorandum, the parties' agreed upon disposition is "sufficient but not greater than necessary" after consideration of the 18

U.S.C. § 3553(a) factors considering the amount of the loss, the conduct to which Lyon's has pled guilty and his prompt and full acceptance of responsibility. Mr. Lyons respectfully requests that the Court accept his plea and impose the agreed upon sentence.

Respectfully submitted,

Eric Lyons

By his attorney,

/s/ William J. Lovett
William J. Lovett (BBO #643525)
LOVETT O'BRIEN LLP
125 High Street, Suite 2611
Boston, MA 02110
Telephone: (617) 603-0748
Fax: (617) 314-0447
wlovett@lovettobrien.com

Dated: February 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on February 27, 2023.

/s/ William J. Lovett
William J. Lovett